No. 98-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 246N

IN THE MATTER OF THE GUARDIANSHIP OF

MATTHEW WAYNE JEWETT, a Minor,

MARVIN WAYNE JEWETT,

Petitioner and Appellant,

and

EARLINE and LAWRENCE OSET,

Respondents and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable William Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin T. Sweeney; Sweeney & Healow, Billings, Montana

For Respondents:

William F. Frazier, Jr.; Swandal, Douglass, Frazier & Gilbert,

Livingston, Montana

No

Submitted on Briefs: October 1, 1998

Decided: October 15, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶ Marvin Wayne Jewett (Jewett) appeals from the order entered by the Sixth Judicial District Court, Park County, denying his motion to dismiss the guardianship of his minor son by the child's maternal grandparents, Earline and Lawrence Oset (the Osets). We affirm.**

¶ The sole issue before us is whether the District Court erred in denying Jewett's motion to dismiss, which was based on lack of proper notice of the guardianship proceedings.

## BACKGROUND

¶ Jewett's marriage was dissolved in 1991 and his former wife was granted physical custody of their minor child. The child, who developed various medical conditions requiring treatment, subsequently lived with the Osets. The Osets paid for all of the child's support and medical needs.

¶ In 1994, the Osets filed a petition for guardianship of the minor child, in part so they could obtain medical insurance for the child. The child's mother consented to-- and joined in--the Osets' petition. Jewett did not appear at the scheduled hearing on the petition held April 6, 1994, and the District Court entered an order appointing the Osets as guardians of the minor child.

¶ In 1995, the Osets filed a motion seeking child support from Jewett. The District Court issued an order to show cause why the motion should not be granted and the hearing on the motion was held on June 19, 1995; Jewett appeared, but was not represented by counsel. The court ordered Jewett to pay the Osets $225 per month child support.

¶ Thereafter, Jewett obtained counsel and, on March 14, 1997, moved for termination of the guardianship on the basis of lack of proper notice of the guardianship proceedings. He subsequently moved for dismissal of the guardianship or, in the alternative, summary judgment voiding the guardianship, arguing that the guardianship proceedings violated his due process rights because of the lack of proper notice. After a hearing, the District Court entered its order denying Jewett's motion to dismiss and Jewett appeals.

## DISCUSSION

¶ Jewett contends that the District Court erred in denying his motion to dismiss the guardianship because any notice purportedly given to him by the Osets did not conform to the requirements of § 72-1-301, MCA. As a result, according to Jewett, the right to due process guaranteed him by Article II, Section 17 of the Montana Constitution was violated. We disagree.

¶ In pertinent part, § 72-1-301(1), MCA, provides that, where notice of a hearing is required, it shall be given to the interested party

> by mailing a copy thereof at least 14 days before the time set for the hearing by certified, registered, or ordinary first-class mail addressed to the person being notified . . . at his office or place of residence, if known[.]

The hearing on the Osets' petition for guardianship was scheduled for April 6, 1994, and it is undisputed that notice was required. It also is undisputed that counsel for the Osets mailed a letter regarding the guardianship proceeding, together with a copy of the notice of time and place of hearing, to Jewett at the address for Jewett known to the Osets-- namely, 6306 12 Mile Road, Billings, Montana 59105--more than 14 days prior to April 6, the date of the hearing. The record also reflects that the mailing was made by ordinary first-class mail and that it was not returned to counsel at the return address printed on the transmitting envelope. Thus, on this record, it appears that the notice requirements contained in § 72-1-301(1), MCA, were satisfied with regard to the guardianship hearing.

¶ Jewett argues that the notice sent to the Billings address in March of 1994 was not, in fact, sent to his "known" residence. His theory is that, while he lived at that address until December of 1993, he had moved to Laurel, Montana, before the notice was sent and, therefore, the notice was not mailed to his last known address. The statute requires notice to be mailed to the person's residence, if known. The last address known to the Osets and, indeed, the address at which Jewett had lived until shortly before the notice was mailed, was the Billings address. There is no evidence of record that Jewett had informed the Osets--who had his minor child in their custody-- of any new or different address or that the Osets had other knowledge of a new or different address. Therefore, we conclude that the Osets complied with the statutory requirement that the notice be sent to the residence of the person being served, if known.

¶ **Finally, Jewett points out that the Osets could have provided personal service or service by publication of the notice under § 72-1-301, MCA, but failed to do so. The relevant point, however, is that the other service methods set forth in § 72-1-301, MCA, are in the disjunctive; that is, only one of the service methods need be satisfied. Having concluded above that the Osets met the § 72-1-301, MCA, service by mail requirements, the other statutory methods by which service may have been accomplished have no bearing here.**

¶ **We hold that the District Court did not err in denying Jewett's motion to dismiss.**

¶ **Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER